United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41570
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEVERIANO PEREZ-MOLINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-608-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Severiano Perez-Molina (Perez) appeals his conviction for bulk cash smuggling. Perez argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he knew that a large amount of currency was hidden in the fuel tank of the vehicle he was driving. The Government, he argues, failed to prove that he had the intent to evade reporting requirements of 31 U.S.C. § 5316. He also contends that the Government failed to show that

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he attempted to transport the currency outside the United States.

Although the jury may ordinarily infer the defendant's guilty knowledge from his control over a vehicle containing contraband, if the contraband is contained in a hidden compartment, as in this case, this court requires additional circumstantial evidence that demonstrates guilty knowledge. United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

Perez exhibited nervous behavior during the canine search of his vehicle and during questioning. Based on the actions of Perez in this regard, the jury could have reasonably inferred that Perez was nervous concerning the discovery of currency in the fuel tank. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). Perez provided inconsistent statements to law enforcement authorities, also evidencing guilty knowledge. See United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990). Additionally, Perez's explanations and details were implausible. See Ortega Reyna, 148 F.3d at 544. Finally, the amount and value of the currency, over $900,000, discovered in the fuel tank of the vehicle in his possession supports the jury's finding of guilty knowledge. The jury could have rationally inferred that Perez would not have been entrusted with such valuable cargo if he had not been a knowing participant in cash smuggling. See Villarreal, 324 F.3d at 324. The evidence presented at trial was sufficient to allow a rational jury to find that Perez had knowledge of the large

amount of currency in his possession and had the intent to evade reporting requirements.  See Ortega Reyna, 148 F.3d at 543.

Perez also argues that the Government failed to prove that he attempted to transport the currency outside the United States because the Government did not show that he was involved in money laundering.  Perez was not charged with money laundering, and the Government was not required to prove that he engaged in money laundering activities.  The Government did present evidence to show that Perez attempted to transport the currency into Mexico.

Accordingly, the judgment of the district court is AFFIRMED.